UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JOHN DOE, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-97-S-1108-NE
)
M&D MECHANICAL CONTRACTORS )
and UNITED LABOR FORCE, )
L.L.C., )
)
    Defendants. )

**ENTERED**

**APR 1 5 1998**

## MEMORANDUM OPINION

Three motions are pending in this action. One was filed by plaintiff seeking to compel a third party to respond to subpoena. The remaining two motions were filed by defendant M&D Mechanical Contractors ("M&D"): a motion to compel production of documents under third party subpoena; and a motion for order compelling plaintiff to submit to mental evaluation pursuant to Rule 35. In addition, defendant M&D filed supplements to each of those motions.

In a cover letter dated April 13, 1998, and attached to defendant M&D's brief in support of its motion to compel plaintiff's mental evaluation, counsel for M&D referenced a pending "Motion to Extend Time for Disclosures of Expert Witnesses and Reports Under Rule 26(2)(B)." A review of the record, however, reveals no such motion.

Upon consideration of the motions, briefs, and pleadings, the court concludes it would not be aided by oral argument. <u>Accordingly, this action is removed from the April 16, 1998 motion docket</u>.

## I. SUMMARY OF FACTS

Defendant United Labor Force, Inc. ("United") is an employment agency doing business in the State of Alabama. (Complaint ¶ 5.) United assigned plaintiff, "John Doe," to work for M&D at its ADTRAN job site on or about March 4, 1996. (*Id.* ¶ 7.) Approximately two weeks into that assignment, Doe disclosed to his Site Superintendent, Johnny Horton, that he suffered from paranoid schizophrenia. (*Id.* ¶ 8.) Plaintiff recounts the following events occurred thereafter:

9. The next week on Friday afternoon the plaintiff had a crying spell in front of his supervisor. The plaintiff finished what he was working on and left for the day with the approval of his supervisors.

10. When the plaintiff arrived at work the following Saturday morning he was required to report to the trailer where his foreman and site superintendent Johnny Horton waited.

11. Horton told the plaintiff he could not work that Saturday because Horton had already turned in the time sheet for the plaintiff. The plaintiff told Horton he would be there Monday morning.

12. On Sunday Melinda from United Labor Force contacted the plaintiff and told him not to return to the M&D Mechanical job site. The plaintiff told her he needed to get his tools from the job site. Melinda told the plaintiff his tools had already been brought to United Labor Force.

13. On Monday morning the plaintiff went to United Labor Force and learned that United Labor Force had taken him off the M&D Mechanical job.

14. The plaintiff subsequently called M&D Mechanical to learn why he could not return to work at M&D Mechanical. The safety supervisor of M&D Mechanical, Rudy, basically explained over the telephone to the plaintiff that M&D Mechanical was not prepared to deal with "the situation" presented

2

by his disability.

15. Since his termination from M&D Mechanical, United Labor Force has refused to reasonably accommodate the plaintiff by placing him or attempting to place him in a comparable position at another job.

(*Id.* ¶¶ 9-15.) Plaintiff filed this action on May 2, 1997, asserting a claim of discrimination under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213.

### II. DEFENDANT M&D'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

M&D asks this court to compel Decatur General Hospital to produce plaintiff's psychiatric and medical records pursuant to a third-party subpoena issued on December 2, 1997, saying the hospital refuses to produce such records absent a court order to do so.

Plaintiff has filed neither an objection to the issuance of the third-party subpoena, nor a response to M&D's motion. Indeed, plaintiff admits that plaintiff's psychiatric health has been placed at issue in this action. Therefore, M&D's motion to compel production of plaintiff's medical records is due to be granted.

### III. DEFENDANT M&D'S MOTION FOR ORDER COMPELLING PLAINTIFF TO SUBMIT TO MENTAL EVALUATION PURSUANT TO RULE 35

Federal Rule of Civil Procedure 35 provides:

> **(a) Order for Examination.** When the mental or physical condition ... of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place,

3

> manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Plaintiff interposes two objections to M&D's motion to compel him to submit to an independent mental evaluation. First, he argues that M&D has not provided sufficient detail as to the "manner, conditions, and scope of the examination." Second, plaintiff contends that M&D is not entitled to conduct an "after-the-fact" evaluation of plaintiff to justify its decision to terminate him two years ago.

The court agrees that defendant has not adequately specified the "manner, conditions, and scope of the examination," as required by Rule 35. Defendant merely has stated that "the evaluation will likely develop as the Plaintiff is examined." (See Defendant's Supplement to "Motion for Order Compelling Plaintiff to Submit to Mental Evaluation Pursuant to Rule 35" ¶ 2.) Given that deficiency, this court could not enter an order in compliance with Rule 35, even if the motion was otherwise due to be granted. *See Bennett v. White Laboratories, Inc.*, 841 F. Supp. 1155, 1159 (M.D. Fla. 1993)("the movant certainly must advise the Court regarding exactly what is requested" in the way of an examination); *Valita M. v. City of Chicago*, No. 83 C 3745, 1986 WL 8736, *2 (N.D. Ill. 1986)("The court cannot properly frame the order for the examination if it knows neither the areas to be inquired into, nor the nature of the method of examination"); *Marroni v. Matey*, 82 F.R.D. 371, 372 (E.D. Pa. 1979)("a general request for psychological testing provides little guidance for determining the

4

scope of any eventual examination"). The Supreme Court has recognized the necessity of specifying the method and scope of the proposed examination so that an appropriate order may be entered. *Schlagenhauf v. Holder*, 379 U.S. 104, 121 n.16, 85 S.Ct. 234, 244 n.16, 13 L.Ed.2d 152 (1964). Therefore, the court finds defendant M&D's motion for an order compelling plaintiff to submit to mental evaluation pursuant to rule 35 is due to be denied.

### IV. PLAINTIFF'S MOTION TO COMPEL THIRD PARTY TO RESPOND TO SUBPOENA

Plaintiff moves this court to compel the Department of Veterans Affairs in Murfreesboro, Tennessee to produce the personnel files of plaintiff's treating physicians, Dr. Edgar Chu and Dr. Rao Tammareddi, pursuant to a subpoena issued from the United States District Court, Middle District of Tennessee.

However, this court lacks power to issue a subpoena for production of documents by a non-party witness, to take place in another district. *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993)("a federal court sitting in one district cannot issue a subpoena *duces tecum* to a non-party for the production of documents located in another district"). Similarly, this court cannot enforce a subpoena which has issued from a court sitting outside this district. *Id.* at 1409 ("there is no broad, general inherent power to order a non-party beyond the district to produce documents"); *see also* Fed. R. Civ. P. 45(c)(production can be compelled only by "an order of the court

5

by which the subpoena was issued"). Accordingly, plaintiff's motion is due to be denied.

## IV. CONCLUSION

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this  15th day of April, 1998.

United States District Judge

6